COMMONWEALTH *vs.* JOSEPH S. HILL.

An indictment on *St.* 1855, *c.* 405, § 1, sufficiently describes the place kept as " a certain building, to wit, a certain tenement, known as Clark's Block, so called, situated on the corner of Main and Mechanic Streets in the city of Worcester; said tenement being in the fourth story of said block in that part of said block fronting said Main Street "; and is supported by evidence that the defendant kept, for the purposes prohibited in that statute, one room in the fourth story of that block, which, as well as three or four other rooms in the same story, fronted on Main Street.

INDICTMENT on *St.* 1855, *c.* 405, § 1. The indictment alleged that the defendant, at Worcester, during a certain time, " did keep and maintain a certain building, to wit, a certain tenement

in Clark's Block, so called, situated on the corner of Main and Mechanic Streets, in said city of Worcester, said tenement being in the fourth story of said block, and in that part of said block fronting on said Main Street, used as a house of ill fame, resorted to for prostitution, lewdness, and for illegal gaming, and used for the illegal sale and keeping of intoxicating liquors."

A trial was had in the court of common pleas in Worcester, at January term 1859, before *Morris*, J., who signed this bill of exceptions :

" At the trial a witness was called for the government, who testified that the defendant employed him to take care of a room for him within the time mentioned in the indictment.

" He was then asked to describe the room and the location of it ; to which question the defendant objected, for the reason that there was no sufficient description in the indictment of the building, place or tenement intended. The court overruled the objection, and the witness testified, in substance, that it was a room in the fourth story of Clark's Block ; that Clark's Block was on the corner of Main and Mechanic streets in Worcester ; that said room was in that part of said block fronting on Main Street, and was between twenty five and thirty feet square ; that said block fronting on Main Street was about one hundred and fifty feet long, and that there were three or four other rooms on said fourth story fronting on Main Street.

" There was no evidence tending to show that the defendant occupied any other portion of said fourth story except the room described by this witness ; and there was no satisfactory evidence that said other portion was occupied by any other person.

" The defendant's counsel asked the court to rule, that there was a variance between the allegation in the indictment and the proof in this; that the same tenement charged in the indictment was not proved to have been kept by the defendant.

" The defendant's counsel also asked the court to rule that, as there were three or four other places or tenements which would answer the description of the one in the indictment, the tenement intended in the indictment was not sufficiently described so as to identify it from the others.

" The court declined so to rule ; but left it to the jury to find whether the place described in the indictment was occupied by the defendant as therein alleged. To the said rulings and refusals to rule, the defendant, being found guilty, respectfully excepts."

The defendant also moved in arrest of judgment, " because, he says, the indictment is bad for uncertainty in this; that it alleges the keeping a building and describes only part of a building." This motion was overruled, and the defendant again excepted.

*G. F. Verry*, for the defendant, relied on *Commonwealth* v *McCaughey*, 9 Gray, .

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

DEWEY, J. This is to be taken to be an averment that the defendant kept a tenement used as a house of ill fame, and for the illegal sale and keeping of intoxicating liquors. The particular description so sets it out, and this is sufficient. It was no objection to the particular description, that there were three other rooms on said fourth story fronting on Main Street. The tenement in which the offence is charged to have been committed was of itself accurately described, and that is sufficient.

*Exceptions overruled.*